## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARTIN J. MOFFETT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-CV-04082-JPG |
| | ) | |
| vs. | ) | |
| | ) | |
| THE AMERICAN COAL COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Martin J. Moffett's ("Moffett") motion to remand (Doc. 5) to which defendant The American Coal Company ("American Coal") has responded (Doc. 8).

### I.     Background

Moffett filed this case on March 13, 2006, in the Circuit Court of the Second Judicial District, Saline County, Illinois.  He claims that American Coal, his former employer, discharged him in retaliation for his filing a worker's compensation claim and seeks damages "in an amount in excess of $50,000 to be determined by this Court but in any event not greater than $72,500" as well as "such other relief as this Court deems to be equitable and just."  Moffett served American Coal with the complaint on March 27.

Noting that the parties are completely diverse and believing that Moffett may be seeking more than $75,000, the jurisdictional minimum amount in controversy set forth in 28 U.S.C. § 1332(a), American Coal asked Moffett on April 11 to stipulate that his damages were under $75,000.  It also announced its intention to remove the case if it did not receive such assurances from Moffett within seven days.  Moffett did not respond to American Coal's request and did not request any extension of the deadline set by American Coal, so on April 20 American Coal removed the case to federal court under 28 U.S.C. § 1441(a).

On May 3, Moffett filed the pending motion to remand along with an affidavit from Moffett and a

stipulation signed by Moffett's attorney stating that the amount in controversy in this case is less than $75,000.  American Coal argues that the stipulation and affidavit come too late and that removal is proper because at the time of removal the minimum amount in controversy requirement had been satisifed.

## II.     Discussion

American Coal properly removed this case to federal court.  A defendant may remove to federal court a case filed in state court if there is original federal jurisdiction over the case.  28 U.S.C. § 1441(a); *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 427 (7th Cir. 1997).  In this case, American Coal relies on federal diversity jurisdiction under 28 U.S.C. § 1332(a), which requires that the parties be completely diverse and that the amount in controversy exceed $75,000 exclusive of interest and costs.  Because the parties do not dispute that they are diverse, the only real issue is whether the amount in controversy was sufficient.

American Coal, as the party seeking to invoke federal jurisdiction, bears the burden of demonstrating by a preponderance of the evidence that the plaintiff stands to recover more than $75,000 in the suit.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006); *Chase*, 110 F.3d at 427.  After the Court decides any contested facts relevant to the amount in controversy, "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Meridian*, 441 F.3d at 442; *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) ("[T]he sum claimed by [the proponent of federal jurisdiction] controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.")  In removal cases based on diversity jurisdiction, the amount in controversy is determined based on the plaintiff's complaint at the time the notice of removal is filed.  *Meridian*, 441 F.3d at 538; *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547

(7th Cir. 1993). Thus, in this case, American Coal must establish by a preponderance of the evidence that more than $75,000 was in issue at the time it filed its notice of removal on April 20.

American Coal points to two pieces of evidence to support its contention that the amount in controversy exceeded $75,000 on April 20. First, it notes that Moffett failed to execute a stipulation prior to removal that his damages were $75,000 or less. The refusal to make such a stipulation is evidence that amount in controversy exceeds the jurisdictional minimum. *See Chase*, 110 F.3d at 428. American Coal also points to the expansive prayer for relief which, although purporting to limit its damage request to $72,500, requests "other relief" as well. It notes that Illinois law allows recovery of amounts beyond those pled in a complaint, *BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002), and argues that in light of Moffett's base pay of approximately $35,000 and actual annual income in 2004 of approximately $50,000, an award that accounts for back pay, front pay, the value of lost benefits and punitive damages could exceed $75,000.

The only evidence Moffett offers regarding the amount in controversy at the time of removal is an explanation why the Court should not view his failure to timely complete the requested stipulation as an indication of the true amount of damages. He claims that his counsel was simply not able to communicate with him in time to meet the deadline set by American Coal. Moffett's counsel's explanation is not persuasive, however, in light of his failure to communicate with American Coal at the time to explain any problems contacting his client or to request additional time to complete the stipulation.

Moffett has not presented any other evidence to contest that more than $75,000 was at issue at the time the notice of removal was filed and has therefore not created an issue of fact for a hearing. For these reasons, the Court finds that the preponderance of the evidence establishes that the amount in controversy exceeded $75,000 at the time of removal. It therefore concludes that the Court has removal jurisdiction over this case.

Moffett's post-removal stipulation and affidavit do not divest the Court of that jurisdiction. Post-removal events to reduce the amount in controversy do not negate the establishment of a jurisdictionally sufficient amount in controversy at the time of removal. *St. Paul*, 303 U.S. at 289-90; *Meridian*, 441 F.3d at 538; *Rising-Moore*, 435 F.3d at 816. Thus, even if the plaintiff makes an irrevocable promise after removal not to accept more than the jurisdictional minimum, the Court would not be justified in remanding the case if federal jurisdiction existed at the time of removal. *St. Paul*, 303 U.S. at 292-93; *Rising-Moore*, 435 F.3d at 816; *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (*per curiam*).

### III. Conclusion

For the foregoing reasons, the Court **DENIES** the motion to remand (Doc. 5).

**Dated: July 13, 2006**

                                          s/ J. Phil Gilbert
                                          **Judge**