UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTIN J. MOFFETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE AMERICAN COAL COMPANY,<br><br>　　　　Defendant. | Case No. 06-cv-4082-JPG |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to dismiss without prejudice (Doc. 10), to which the defendant has responded (Doc. 13) and plaintiff replied (Doc. 14).

## BACKGROUND

Martin J. Moffett (Moffett) filed his complaint against The American Coal Company (American Coal) in the Circuit Court for the First Judicial Circuit, Saline County, Illinois on March 13, 2006. American Coal timely removed the action on April 20, 2006 and filed its answer on April 21. On May 3, 2006, Moffett asked the Court to remand this case on the grounds that the amount in controversy did not exceed $75,000.00. The Court found, however, that more than $75,000.00 was at issue on April 20, 2006, the date of removal, and accordingly declined to remand this case.

On August 8, 2006, Moffett moved to dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). American Coal objects to dismissal without prejudice; it requests that the Court dismiss the case with prejudice, or, alternatively, award it its reasonable attorneys' fees and costs incurred on all matters that would be duplicative or unnecessary if the case is refiled.

## ANALYSIS

After an adverse party has filed an answer or motion for summary judgment, and in the absence of an effective stipulation of dismissal, only the court may dismiss an action. Fed.R.Civ.P. 41(a)(2). If a court decides to exercise its discretion and dismiss a case, it may impose such terms and conditions as it

deems proper. *Id*. Courts inclined to dismiss without prejudice typically require the plaintiff to pay defendant's expenses in defending the suit, including attorneys' fees, as a condition of dismissal, because such terms "are the quid for the quo of allowing the plaintiff to dismiss his suit without being prevented by the doctrine of res judicata from bringing the same suit again." *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994). In such a case, the fee award should only reimburse the defendant for work that would not be useful in subsequent litigation of the same claim. *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985). If the terms and conditions are too onerous, the plaintiff may withdraw his motion and proceed with the case. *Marlow*, 19 F.3d at 304.

A Rule 41(a)(2) dismissal should be granted so long as the defendant will not suffer "plain legal prejudice." *See FDIC v. Knostman*, 966 F.2d 1133, 1142 (7th Cir. 1992). In determining whether the defendant will suffer plain legal prejudice, courts consider the "defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Id*.

American Coal claims it will suffer plain legal prejudice here primarily because Moffett has offered no explanation for his request. As this is a non sequitur, some courts have held that this consideration should be disregarded entirely. *See, e.g., Home Owner's Loan Corp. v. Huffman*, 134 F.2d 314, 318 (8th Cir. 1943). The Court need not decide on that basis, however, because it will not find "plain legal prejudice" simply because Moffett *may* have an improper motive in seeking to have the case dismissed. Considering the factors suggested by the Seventh Circuit, the Court finds that dismissing this case without prejudice will not cause American Coal to suffer plain legal prejudice.

Moffett is not entitled, however, to an unconditioned dismissal. *See Babcock v. McDaniel*, 148 F.3d 797, 799 (7th Cir. 1998). In removing this action and opposing Moffett's motion to remand and motion to dismiss, American Coal has expended funds for work that will be of no use should Moffett

choose to refile this case. This is certainly prejudicial, but an award of expenses provides a suitable remedy. *See id*; *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986); *McCall-Bey v. Franzen*, 777 F.2d 1178, 1183-84 (7th Cir. 1985). The parties seem to suggest that the Court must find plain legal prejudice to impose conditions on dismissal. This is plainly false, for the Court's authority to do so is explicitly provided in the Rule.

American Coal also seeks to have the Court order Moffett to refile any subsequent lawsuit in this Court as a further condition of dismissal. As the Seventh Circuit has not spoken to the propriety of refiling conditions, American Coal has cited to a number of nonbinding cases from the other Circuits. Without regard to these authorities, the imposition of such a condition in this case is troubling. It is likely (given the nature of Moffett's reply here) that counsel will attempt to draft any subsequent complaint in this case more precisely, which is to say in a manner that forecloses relief exceeding $75,000.00. The Court expresses no opinion on whether its prior finding as to the amount in controversy in this case could have a preclusive effect in any subsequent litigation. In a subsequent case that does not satisfy the amount in controversy, the Court would be without subject matter jurisdiction notwithstanding the imposition of a refiling condition or an agreement by the parties. *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001). Regardless, it is certainly no abuse of discretion to decline to attach the condition. *E.g., American Nat. Bank & Trust Co. of Sapulpa v. Bic. Corp.*, 931 F.2d 1411 (10th Cir. 1991) ("[I]t is not an abuse of discretion for the district court to dismiss an action without prejudice even where the plaintiff's only motive is to recommence the action in state court."). Given the facts of this case, the Court will not attach a refiling condition on the dismissal here.

## CONCLUSION

The Court will grant Moffett's request for a dismissal of this action without prejudice on the condition that he pays American Coal's expenses in this case, including attorneys' fees, to the extent that the work done cannot be used in future litigation. After reviewing the docket, the Court finds that such

costs are expenses for (1) removing the case, (2) opposing the motion to remand, and (3) opposing the motion to dismiss.  The Court **ORDERS** American Coal to file a bill of costs, including attorney's fees, for such matters on or before November 6, 2006.

The Court will also give Moffett an opportunity to avoid that condition in either of two ways should he deem it too onerous.  He shall have up to and including November 13, 2006 to either (1) file an amended motion requesting that the dismissal be with prejudice, in which case the Court will dismiss the case with prejudice and without imposing the aforementioned condition, or (2) file a motion to withdraw his motion to dismiss, in which case this matter will proceed on schedule.  The Court **RESERVES RULING** on Moffett's motion (Doc. 10) pending further action by the parties.

**IT IS SO ORDERED.**
**DATED: October 19, 2006**

                                                **s/ J. Phil Gilbert**
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**