UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARTIN J. MOFFETT,

    Plaintiff,

    v.

THE AMERICAN COAL COMPANY,

    Defendant.

Case No. 06-cv-4082-JPG

## MEMORANDUM AND ORDER

    This matter is before the Court on plaintiff's motion to dismiss without prejudice (Doc. 10), to which the defendant has responded (Doc. 13) and plaintiff replied (Doc. 14). In an order dated October 19, 2006 (Doc. 15), the Court indicated that it would grant plaintiff Martin J. Moffett's ("Moffett'") motion to dismiss this case without prejudice on the condition that he pay The American Coal Company's ("American Coal") expenses in this case, including attorneys' fees, to the extent that the work done cannot be used in future litigation. The Court noted that costs falling into that category expenses for (1) removing the case, (2) opposing the motion to remand, and (3) opposing the motion to dismiss. The Court ordered American Coal to file a bill of costs, including attorney's fees, and gave Moffett an opportunity to avoid paying those costs as a condition of dismissal either by filing an amended motion requesting that the dismissal be with prejudice or filing a motion to withdraw his motion to dismiss. American Coal filed its bill of costs in the total amount of $7,152. Moffett objected, and the Court extended the deadline for Moffett to choose his course of action until after the Court ruled on his objection.

    American Coal's counsel Gail Chaney Kalinich ("Kalinich") states that she spent

17.9 hours at an hourly rate of $380, her normal billing rate, for a total of $6,802 in attorney's fees, all of which she billed to American Coal and which American Coal paid. She also states that American Coal incurred $350 to remove this case from state court to federal court. Her total bill of costs comes to $7,152. She supports her bill of costs with affidavits from herself and from attorney Andrew M. Hale ("Hale") and with itemized bills sent to American Coal.

Moffett objects to the bill of costs on two bases: (1) Kalinich's billing rate exceeds the prevailing rate customarily charged by attorneys practicing in southern Illinois (Kalinich works in Chicago) and (2) Kalinich's work was excessive or was performed for another case. In support of his objection, he submits an affidavit from attorney Robert C. Wilson ("Wilson") regarding the rates customarily charged in southern Illinois.

Attorney's fees are calculated using the lodestar method, which involves "multiplying the number of hours the attorney reasonably expended on the litigation times a reasonable hourly rate." *Mathur v. Board of Trustees of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Court can then adjust the total amount based on various factors specific to the litigation, including but not limited to the experience, reputation and ability of the attorney, the length of her relationship with the client, and the "undesirability" of the case. *Mathur*, 317 F.3d at 742 & n. 3. As noted before, Moffett challenges the two items used to calculate the beginning point: the hourly rate and the number of hours reasonably expended.

I.     **Reasonable Hourly Rate**

Moffett argues that Kalinich's rate of $380[1] per hour exceeds the rate usually charged by southern Illinois attorneys defending employment cases. He notes that Hale's affidavit in support of Kalinich's motion speaks to the prevailing rate charged for work in federal court *in Illinois* but not specifically in the Southern District. He argues that Kalinich has submitted no evidence that the prevailing rate in the Southern District is $380 per hour and contends that Wilson's affidavit establishes the prevailing rate in this community for similar work at around $150 per hour.

A reasonable hourly rate is presumed to be an attorney's actual billing rate for comparable work. *Mathur v. Board of Trustees of S. Ill. Univ.*, 317 F.3d 738, 743 (7th Cir. 2003). Indeed, "the best evidence of the market value of legal services is what people will pay for it." *Stark v. PPM Am., Inc.*, 354 F.3d 666, 675 (7th Cir. 2004). The fee applicant bears the burden of proving her market rate, but once she does this, the opposing party may attempt to convince the Court that a lower rate is justified. *Stark*, 354 F.3d at 674-75. "Only if an attorney is unable to provide evidence of her actual billing rates should a district court look to other evidence, including rates similar experienced attorneys in the community charge paying clients for similar work." *Id.* (omitting internal quotation marks). Where out-of-town counsel's rate exceeds that of local practitioners, the Court should still use the counsel's actual billing rate unless the Court finds that a local attorney could have done an equivalent job and there was no reason for out-of-town counsel to perform the work. *Id.*

---

[1]Moffett's counsel erroneously refers to Kalinich's rate as $360 per hour.

The Court rejects Moffett's argument that Kalinich's rate must be lowered because the prevailing rate for local practitioners doing similar work in southern Illinois is lower.  Kalinich has provided sufficient evidence of her actual billing rate, including the fact that American Coal has paid the bills she submitted for the work she did.  Moffett, on the other hand, has not even attempted to demonstrate that the work Kalinich did could have been and should have been done by local counsel.  Indeed, it appears to the Court that Kalinich may have been able to accomplish American Coal's legal tasks better and faster than local counsel could because of her legal experience and because of her and her firm's representation of American Coal in employment matters for more than seven years.  Economies of scale favor hiring the same counsel to handle multiple similar legal matters over long periods of time.[2]  In these circumstances, *Mathur* makes clear that Kalinich's actual billing rate should be used in calculating a reasonable attorney fee.  Moffett has not convinced the Court that a lower rate is justified.

## II.     Hours Reasonably Expended

The Court can disallow hours as not reasonably expended if they are "excessive, redundant, or otherwise unnecessary."  *Stark v. PPM Am., Inc.*, 354 F.3d 666, 675 (7th Cir. 2004).  Moffett argues that Kalinich expended excessive amounts of time reflected in five specific billing entries for tasks that were duplicative of tasks she performed for a similar case, *Crites v. The American Coal Company*, Case No. 06-cv-4099-JPG.  He

---

[2]The Court notes that such economies of scale were borne out in this case, which was very similar to *Crites v. The American Coal Company*, Case No. 06-cv-4099-JPG.  As discussed later in this order, the cases involved common research, so choosing one counsel to litigate both cases was more efficient time-wise than hiring separate counsel for each case.

compares lower time entries for similar tasks completed in *Crites* and asks the Court to find that Kalinich has already been compensated for her work based on her fee award in that case. He further notes that he spent far fewer hours on his filings than Kulinich spent on hers. Kalinich, on the other hand, swears that she worked all the hours she billed.

The Court has reviewed the billing records in this case and in *Crites* and finds that they generally reflect not overbilling or duplicate billing but the economies of scale referred to in the previous section of this order. For example, Moffett first focuses on the August 8, 2006, 0.5 hour billing entry for reviewing Moffett's two-page motion to dismiss without prejudice and the three-page memorandum in support and compares it to the 0.2 hour billing entry to review Crites's nearly identical motion and memorandum. This makes perfect sense if Kalinich read Moffett's motion carefully first over a half an hour, then reviewed Crites's motion more quickly in 12 minutes to detect any differences in the filings. This is not a sign of overbilling or duplicate work.

As for drafting American Coal's opposition to the motion to dismiss without prejudice, the Court notes that it is a ten-page document chock full of relevant citations to Seventh Circuit cases and other cases from district courts in Illinois, and where cases from those jurisdictions were not available, relevant cases from other jurisdictions. Kalinich swore she worked and billed a total of 11.2 hours for researching and drafting that document and the similar one in *Crites*, even indicating on her *Moffett* time sheet that some of the research billed was actually used in both cases. There is no duplicate entry on her *Crites* time sheets. Based on its review of Kalinich's filings, the Court believes 11.2 hours is imminently reasonable to research and draft her memoranda.

Again, Kalinich's billings for reviewing and revising the memoranda – 1.2 hours in this case and .6 hours in *Crites* – reflect economies of scale, not overbilling or duplicate work.

Because the evidence shows Kalinich expended a reasonable number of hours on the tasks she completed for American Coal, the Court will not reduce her hours.

**III.    Conclusion**

For the foregoing reasons, the Court **OVERRULES** Moffett's objection (Doc. 18) to American Coal's bill of costs.  Pursuant to the Court's order of November 9, 2006, Moffett shall have five days from the entry of this order to either (1) notify the Court that it will pay the costs in the amount of $7,152 as a condition of dismissal of this case without prejudice, (2) file an amended motion requesting that the dismissal be with prejudice, or (3) file a motion to withdraw his motion to dismiss without prejudice. The Court **RESERVES RULING** on Moffett's motion (Doc. 10) pending Moffett's response.

**IT IS SO ORDERED.**
**DATED: January 9, 2007**

                                         s/ J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**